**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 9, 2022

LETTER TO COUNSEL

RE:   *William H. v. Commissioner, Social Security Administration*
       Civil No. SAG-21-0826

Dear Counsel:

On March 31, 2021, Plaintiff William H. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Supplemental Security Income Benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment and Plaintiff's reply. ECF Nos. 14, 19, 20. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant Defendant's motion, and affirm the Commissioner's decision. This letter explains my rationale.

Plaintiff filed his claim for benefits on July 9, 2018, alleging a disability onset date of December 1, 2017. Tr. 157–163. His claim was denied initially and on reconsideration. Tr. 81–84, 90–95. On July 21, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 33–54. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 13–32. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "Depression, Attention Deficit Hyperactivity Disorder ('ADHD'), Posttraumatic Stress Disorder ('PTSD'), Bipolar Disorder, and Obesity." Tr. 18. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: he can only occasionally be exposed to extreme heat, extreme cold, wetness, humidity, fumes, odors, dust, gases, and poor ventilation. The claimant is limited to simple, routine, and repetitive work, but not at a production pace. The claimant can maintain attention and concentration for periods of up to 2 hours, and can repeat this throughout the workday after customary breaks.

> The claimant can have no more than incidental and infrequent contact with the general public. He can occasionally interact with coworkers and supervisors, but cannot perform tasks that would require them to work in tandem with coworkers to complete job responsibilities. The claimant can make simple work decisions in a stable work environment, defined as very little change in work setting or work process.

Tr. 21–22. The ALJ determined that Plaintiff has no past relevant work, was a "younger individual age 18–49, on the date the application was filed," and has a limited education, but could perform other jobs that existed in significant numbers in the national economy. Tr. 27. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 28.

Plaintiff raises one main argument on appeal: that the ALJ erroneously failed to properly evaluate the opinions of the consultative examiner, John Driscoll, Ph.D. ("Dr. Driscoll"), and the treating psychiatrist, Ralph S. Wolf, D.O. ("Dr. Wolf"). Pl.'s Br. 9–17, ECF No. 14-1. In support of this main argument, Plaintiff appears to posit three supplementary arguments: 1) that the ALJ erred in finding the two doctors' opinions were not supported by or consistent with the record; 2) that the ALJ failed to explain how the conclusion that Plaintiff "improved" led to the conclusion that the two doctors' opinions should be rejected; and 3) that the ALJ's failure to properly evaluate the two doctors' opinions constitutes harmful error. *Id.* Defendant counters that "Plaintiff's argument amounts to nothing more than a request that the court re-evaluate the evidence in his favor . . . ." Def.'s Br. 6, ECF No. 19-1 (citing *Ladda v. Berryhill*, 749 F. App'x 166, 168 (4th Cir. 2018)). As explained below, I agree.

Turning to Plaintiff's first contention, Plaintiff argues that the ALJ erred in finding that the two medical opinions failed to satisfy the supportability and consistency factors in the rule governing how an ALJ should evaluate opinion evidence. 20 C.F.R. § 416.920c. Plaintiff asserts that "[a] fair view of the evidence, without mischaracterization, reveals that the opinion evidence is entirely consistent with the record." Pl.'s Br. 14, ECF No. 14-1. For claims filed on or after March 27, 2017, an ALJ considers each medical opinion and prior administrative medical finding but is "not required to articulate how [the ALJ] considered each medical opinion or prior administrative finding from one medical source individually." 20 C.F.R. § 414.920c(b)(1). An ALJ "will explain how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative findings" and the ALJ may, "but [is not] required to" explain how the other factors in Section 414.920c(c) were considered . . . ." 20 C.F.R. § 414.920c(b)(2).

Here, the ALJ clearly analyzed the supportability and consistency of Dr. Driscoll's and Dr. Wolf's opinions and provided several citations to the medical records in support of finding both opinions unpersuasive. As to Dr. Driscoll's opinion, the ALJ found that "his opinion that the claimant's ability to function in a competitive environment is inconsistent with the exam findings that show the claimant is cooperative, displayed eye contact, had no motor hyperactivity, had normal speech, had clear thoughts, denied suicidal or homicidal ideation, and had intact concentration." Tr. 26. Plaintiff counters that the fact that "Plaintiff presented as cooperative, or

*William H. v. Commissioner, Social Security Administration*
Civil No. SAG-21-0826
May 9, 2022
Page 3

that he had good eye contact with providers, does not disqualify the opinions rendered by either physician." Pl.'s Br. 13, ECF No. 14-1. The ALJ, however, did not completely disqualify Dr. Driscoll's opinion and provided sufficient evidence to support the portions of the opinion that the ALJ did not find persuasive. For example, the ALJ found that "Dr. Driscoll's indication that the claimant would be able to follow simple instructions independently and would have difficulty with interacting with others is persuasive as it is consistent with other records that note the claimant's difficulty with being around others." Tr. 26 (citing to Dr. Driscoll's opinion, Tr. 297–302). The ALJ went on to say, "[h]owever, the claimant's ability to sustain a lasting relationship with his [wife], and his ability to be cooperative in exam would indicate that claimant would not be completely precluded from interacting and being around others in a work situation on an occasional basis as long as he does not have to work in tandem with others." Tr. 26.

Plaintiff retorts that "Plaintiff's ability to interact with his wife does not demonstrate inconsistency with the opinion evidence finding marked limitations in Plaintiff's ability to engage in appropriate social interactions with the public, co-workers, or supervisors." Pl.'s Br. 10, ECF No. 14-1. Plaintiff adds that "a review of the evidence" reveals that Plaintiff actually struggles to maintain relationships, even with his wife. *Id.* Plaintiff concludes that "the ALJ has not built a bridge between Plaintiff's ability to exist in the presence of his wife and his ability to engage in sustained work activity, including appropriate interaction with the public, co-workers, and supervisors on a day-to-day basis, for 8 hours per day, 5 days per week." *Id.* Plaintiff's error, however, is in suggesting that a review of the evidence would result in a conclusion different from that of the ALJ. This is not the correct standard of review. The scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Against this standard, the ALJ has sufficiently explained why the opinions of Dr. Driscoll and Dr. Wolf do not meet the supportability and consistency factors of 20 C.F.R. § 414.920c.

As to Dr. Wolf's opinion, the ALJ found that "his opinion that the claimant would have a marked limitation in his ability to maintain personal hygiene and attire appropriate to a work setting is inconsistent with the findings of the consultative examination which included acceptable hygiene." Tr. 27 (citing to Dr. Driscoll's opinion, Tr. 297–302). Further, the ALJ noted that Dr. Wolf's opinion "that the claimant would have a marked limitation in his ability to sustain an ordinary routine and regular attendance at work is inconsistent with the most recent treatment records which include only moderate depression on screening." Tr. 27 (citing to office treatment records from Choptank Community Health System, Tr. 356). Although Plaintiff attempts to bolster Dr. Wolf's opinion by noting that it "is based upon his longitudinal treating relationship with Plaintiff," Pl.'s Br. 15, ECF No. 14-1, the ALJ's decision adequately explains why his opinion should be discounted.

Plaintiff's second contention, that the ALJ failed to explain his determination that Plaintiff has "improved" such that the limitations identified by either physician should be rejected, is unconvincing. Pl.'s Br. 14, ECF No. 14-1. Plaintiff highlights the ALJ's three citations to the medical records that the ALJ used to support the contention that Plaintiff's mental conditions were

improving and attempts to explain why these citations do not reflect Plaintiff's improvement. In doing so, Plaintiff essentially reweighs the evidence and concludes that "it does not demonstrate that Plaintiff was cured of his mental impairments such that he did not still have serious limitations preventing him from working on a sustained basis or free from the burdens of mental illness." *Id.* at 15 (citing *Barker v. Colvin*, Civ. No. 14-15E, 2014 WL 4384347, at *4 (W.D. Pa. Sept. 3, 2014); *Fuchs v. Astrue*, 873 F. Supp.2d 959, 973 (N.D. Ill. 2012)).[1] This, however, is a gross mischaracterization of the ALJ's conclusion. The ALJ did not find that Plaintiff "did not still have serious limitations" or suggest that Plaintiff would be "free from the burdens of mental illness." *Id.* Rather, the ALJ acknowledged that despite finding that the treatment records did not support a disabling RFC, "some limitations on the claimant's ability to perform work activities are warranted." Tr. 24. Further, the ALJ stated that "[t]he claimant's most notable issue of difficulty is getting along with others," which the ALJ "accurately reflected in the limitations in the above [RFC], including avoidance of interaction with the public, significantly reduced interaction with coworkers/supervisors, and environments with simple and routine work that is not on production line to minimize irritability." Tr. 24–25.

Lastly, Plaintiff contends that the ALJ's failure to properly evaluate these two opinions constitutes harmful error. Pl.'s Br. 16, ECF No. 14-1. "If properly credited, both providers provided for limitations that are preclusive of sustained work activity." *Id.* "Further, the VE testified that an individual who had a marked limitation in his ability to keep social interactions free of respective irritability, sensitive, argumentativeness, and suspiciousness, would be precluded from all work." *Id.* at 17. Since I have determined that no error was committed by the ALJ, any further explanation on this point is unnecessary.[2]

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, the ALJ provided substantial evidence to support his conclusion that both Dr. Driscoll's and Dr. Wolf's opinions were not fully consistent with the evidence of record. Remand on this basis is therefore unwarranted.

---

[1] Defendant provides Fourth Circuit examples of when "an ALJ may appropriately discount a medical source's opinion that the claimant has marked limitations in areas of mental functioning, where, like here, treatment notes from the claimant's providers and other examinations show generally normal functioning." Def.'s Br. 12–13, ECF No. 19-1 (citing *Dunn v. Colvin*, 607 F. App'x 264 270–71 (4th Cir. 2015); *Smith-Brim v. Colvin*, Civil No. PJM-14-683, 2015 WL 4724977, at *11 (D. Md. Aug. 7, 2015); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

[2] I agree with Plaintiff's assertion that "it is not enough that the ALJ was able to provide evidence tending to support the adoption of the agency consultants' opinions, the decision must also be free from legal error." Pl.'s Reply 3, ECF No. 20. The ALJ's decision here, however, is free from legal error and is affirmed for the reasons stated throughout this opinion.

*William H. v. Commissioner, Social Security Administration*
Civil No. SAG-21-0826
May 9, 2022
Page 5

     For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 14, is DENIED and Defendant's Motion for Summary Judgment, ECF No. 19, is GRANTED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.

     Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

                                      Sincerely yours,

                                      /s/
                                    Stephanie A. Gallagher
                                    United States District Judge